[L. A. No. 863.  Department One. — August 2, 1901.]

MRS. T. E. GREENLEAF, Respondent, v. NELLIE JACKS et al., Defendants. GOLDTREE BROTHERS COMPANY, Appellant.

CORPORATION — LIABILITY OF STOCKHOLDERS — PARTIES. — Under section 322 of the Civil Code, the stockholders of a corporation may be joined in an action to enforce their individual liabilities for a corporate indebtedness. In such an action the corporation is not a necessary party.

ID. — PLACE OF TRIAL — MOTION FOR CHANGE. — Under section 395 of the Code of Civil Procedure, such an action may be tried in the county in which any of the defendants reside, and a defendant who resides in a county other than that in which the action is brought, and who moves for a change of the place of trial to the county of his residence, must show by his moving papers that none of the defendants reside in the county in which the action was brought. If he fails so to do, the motion should be denied.

APPEAL from an order of the Superior Court of San Luis Obispo County refusing to change the place of trial. E. P. Unangst, Judge.

The facts are stated in the opinion.

Lester H. Jacobs, for Appellant.

William Shipsey, for Respondent.

GRAY, C. — This action is brought in San Luis Obispo County, and is based upon several certificates of deposit issued by the County Bank of San Luis Obispo County. This bank is alleged to have been located, as to its principal place of business, in the county of San Luis Obispo, and the certificates of deposit are dated at San Luis Obispo, California, and provide for the repayment to plaintiff of the several amounts deposited by her, with interest thereon at "five per cent per annum until due." It is further alleged in the complaint that the said several amounts were "loaned to and deposited with said bank at said city of San Luis Obispo." It is also alleged that on a certain date the said bank closed its doors and ceased doing business. The plaintiff brings this action against the defendants jointly, on account of their liability as stockholders

in said bank.   The Goldtree Brothers Company appeared by demurrer, and at the same time filed an affidavit and demand for a change of venue to San Francisco, on the ground that their residence and principal place of business was there, and they had incurred no liability in San Luis Obispo.   The motion, based on said demand and affidavit, was denied by the court, and said Goldtree Brothers Company appeal from the order.

There is nothing, either in the affidavit for a change of venue, or elsewhere in the record, to show in what county the defendants, other than appellant, reside.

Under the provisions of section 322 of the Civil Code, the defendants were properly joined in one action.   Section 395 of the Code of Civil Procedure provides: " In all other cases the action must be tried in the county in which the defendants, *or some of them*, reside at the commencement of the action."   An examination of the three sections immediately preceding this, in the same code, shows us that this action comes under the section from which we quote.   The appellant being the moving party, the burden was upon it to show that it was entitled to a change of venue; and to show this, under said section 395, it must be made to appear that none of the defendants resided in San Luis Obispo County.   (*Hearne* v. *De Young*, 111 Cal. 373.)   Having failed to establish this essential fact, its motion was properly denied.

Appellant cites several cases to show that notwithstanding the several defendants might be, and were, properly joined in the action, still this appellant is entitled to a change of venue to the place of its residence, notwithstanding the other defendants may happen to reside in the county where the action was brought; but we do not think the cases go to the extent claimed for them by appellant.   The first case on the subject is *Sayward* v. *Houghton*, 82 Cal. 628, and in that case there were two parties defendant, and it is expressly stated therein: " If the complaint states no cause of action against the corporation defendant, the right of Houghton to have the place of trial changed is not affected by making said corporation a defendant in the action"; and further: " There is nothing in the complaint showing or tending to show that the corporation defendant is in any sense interested in this action."   It plainly appears in the case that the corporation defendant was not only an unnecessary party to the action, but that the plaintiff

might obtain all the relief he demanded without making it a party. This case is not analogous to the case now before us, for here all the defendants are not only proper parties defendant, and properly joined as such under the statute cited, but they are all necessary parties defendant, if the plaintiff would obtain the entire relief which he seeks in the action. The other cases cited by appellant upon the point are entirely inapplicable.

We advise that the order appealed from be affirmed.

Chipman, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

Garoutte, J., Van Dyke, J., Harrison, J.