[Sac. No. 896. Department Two.—February 24, 1902.]

FRED QUINT, Respondent, v. DENNIS S. DIMOND et al., Appellants

NEGLIGENCE—LOSS OF GRAIN BY FIRE—OPERATION OF HARVESTER—VENUE OF ACTION—PARTIES.—In an action for the loss of the plaintiff's grain by fire, caused by negligence of the defendants in operating a combined harvester and traction-engine, operated by the owner and another defendant upon an adjoining tract, such other defendant, residing in the county of the venue, is a proper and necessary party defendant, who is liable upon the cause of action, and the county of his residence being a proper county for the trial of the action, the facts that the owners were non-residents, and that the machine was defective, are immaterial upon a motion by all of the defendants to change the place of trial to the county of the residence of the owners of the machine.

ID.—PARTICIPATION OF CO-DEFENDANT—AFFIDAVITS DENYING COMPLAINT.—The verified complaint alleging the participation of the other

defendant with the defendant owners in the operation of the machine, when the fire was caused thereby, cannot be varied by an affidavit for the defendants denying that fact.

ID.—DEMAND OF ALL DEFENDANTS—PROPER VENUE—ORDER DENYING MOTION.—The county of the residence of one of the defendants being the proper county for the trial of the suit, the court did not err in denying a motion made upon demand of all of the defendants for a change of the place of trial to the residence of the owner of the machine.

ID.—AFFIDAVIT OF PLAINTIFF—RESIDENCE OF DEFENDANT—BURDEN OF PROOF.—The burden of proof is upon the defendants to show that none of the defendants was a resident of the county when the action was commenced; and though the affidavit of the plaintiff as to the residence of one of the defendants in the county was in the present tense, and did not refer to the commencement of the action, it is sufficient that it does not appear that he was not then a resident.

APPEAL from an order of the Superior Court of Glenn County denying a motion to change the place of trial. Oval Pirkey, Judge.

The affidavits of defendants Dennis S. Dimond and F. A. Jenkins contradicted the averment of the verified complaint, that Jenkins was connected in any manner with the operation of the machine at any time. Further facts are stated in the opinion.

C. W. Lynch, and F. G. Drury, for Appellants.

Frank Freeman, and Charles L. Donohoe, for Respondents.

SMITH, C.—Appeal from order denying defendants' motion for change of place of trial. The suit was brought in the superior court of the county of Glenn, to recover damages for destruction of plaintiff's grain by fire, which, it is alleged, was caused by the defendants' negligence in operating a combined harvester and traction-engine on an adjoining tract.

The defendants Dimond were the owners of the machine, but it is alleged, in effect, that they and the defendant Jenkins were, at the time of the accident, "in the exclusive control and management of [it], in the use and operation thereof," and that the fire was caused "by the careless and negligent manner in which said traction-engine was operated

by the said defendant,''—i. e. defendants. (Code Civ. Proc., sec. 17.)

The defendant Jenkins is a resident of Glenn County; the other defendants, of the county of Alameda. Demand to change the place of trial to the latter county, with affidavit of merits and notice of motion, was made by the defendants, on appearing, and was denied by the court, which is the order appealed from.

The grounds urged by the appellants for a reversal of the order are: 1. That the complaint does not state a cause of action against the defendant Jenkins, and, consequently, that he was not a necessary or proper party to the suit; and 2. That all the defendants joined in the demand for change of place of trial, and were therefore entitled to the change.

1. With regard to the first point, the gist of the action is the negligence of the defendants in operating the machine, and the resulting damage to the plaintiff. The fact of the ownership of the machine by three of the defendants is an immaterial circumstance (*Gulzoni* v. *Tyler,* 64 Cal. 334; *Smith* v. *Belshaw,* 89 Cal. 431); as, also, the alleged defective character of the machine. The defendant Jenkins was therefore not only a proper but a necessary party to the action; for the plaintiff could not "obtain all the relief he demands without making *him* a party." (*Sayward* v. *Houghton,* 82 Cal. 630.) Nor can the effect of the complaint be varied by the affidavit filed. (*Quigley* v. *Gillett,* 101 Cal. 462; *Lakeshore Cattle Co.* v. *Modoc etc. Livestock Co.,* 108 Cal. 261; *Bowers* v. *Modoc Land etc. Co.,* 117 Cal. 50.)

2. The county of Glenn was therefore a proper county for the trial of the suit, and the court did not err in denying the motion. (Code Civ. Proc., secs. 395, 396; *McKenzie* v. *Barling,* 101 Cal. 459; *Hirshfeld* v. *Sevier,* 77 Cal. 448; *Hearne* v. *DeYoung,* 111 Cal. 373.)

In the closing brief of appellants the point is made (for the first time) that the affidavit of the plaintiff as to the residence of Jenkins is in the present tense, and hence that it does not appear that the latter was a resident of the county at the time of the commencement of the suit. But if the affidavit was sufficient to justify the inference of the court, that he was then a resident,—which we do not think was the case,—

yet it is sufficient that the contrary did not appear.  On this point the burden was on the defendants.  (*Hearne* v. *De Young,* 111 Cal. 376.)

I advise that the order appealed from be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

Henshaw, J., McFarland, J., Temple, J.