[S. F. No. 3452. Department One.—October 9, 1905.]

## I. W. HELLMAN, JR., et al., Respondents, v. A. D. LOGAN, and GRANGERS' BUSINESS ASSOCIATION, Appellants.

VENUE OF ACTION—NOTE—PLEDGE OF STOCK—FORECLOSURE—CORPORATION AS NECESSARY PARTY—RESIDENCE OF PRINCIPAL DEFENDANT.— In an action on a note, and to foreclose stock in a corporation pledged by the maker as security, where the corporation is joined as a necessary party for full relief to the plaintiff, under an averment that it claims some lien or interest in the stock which is subject to the plaintiff's right, and the action is brought in the county where the corporation has its principal place of business, the principal defendant cannot change the place of trial to the county of his residence.

ID.—TEST OF RIGHT TO CHANGE VENUE—ACTION AS BROUGHT.—The fact that plaintiffs might have maintained an action for part of the relief to which they are entitled against the principal defendant alone, would not justify a change of venue of the action stated in the complaint. The test is to be made by ascertaining who are necessary parties to the action as brought, and what parties are necessary to enable plaintiffs to obtain all the relief prayed for in the complaint; and if one of the necessary parties resides where the action is begun, it is properly begun and may be tried in that county, though the other and principal defendant resides in another county.

ID.—JOINDER OF DEFENDANTS IN MOTION.—Where the action is properly brought in the county of the residence of a necessary party defendant, the joinder of all the defendants in the motion to change the venue does not make the change imperative.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing to change the place of trial of an action.   Carroll Cook, Judge.

The facts are stated in the opinion of the court.

Houghton & Houghton, and Octave Du Py, for Appellants.

E. S. Pillsbury, and F. D. Madison, for Respondents.

SHAW, J.—The defendants appeal from an order denying their application for a change of the place of trial of the action.

The suit was begun in the superior court of the city and county of San Francisco.  A. D. Logan was then, and still is, a resident of Glenn County, and the Grangers' Business Association was then, and still is, a resident of San Francisco. The ground of the motion is that Logan being a resident of Glenn County, the city and county of San Francisco is not the proper place of trial, under section 395 of the Code of Civil Procedure.   The complaint states a cause of action upon a promissory note executed by the defendant Logan, secured by a pledge of certain shares of stock in the defendant corporation.   The defendants contend that Logan was the only proper or necessary party to the action; that no cause of action is alleged against the corporation defendant; and that the plaintiffs cannot defeat the right of Logan to have the cause tried in the county of his residence by making a person residing in San Francisco a party defendant, and stating no cause of action against him, or in any case where such co-defendant is not a necessary party.   With respect to the corporation defendant, the complaint alleges "that the defendant Grangers' Business Association claims some lien or interest upon said shares of stock by reason of some alleged contractual relation between said defendant and the defendant A. D. Logan, the nature and extent of which lien or interest are unknown to plaintiffs, but plaintiffs allege that said lien or interest, if any there be, is subsequent and subject to plaintiffs' rights in the premises."   The relief asked concerning this alleged claim of the corporation defendant is, that plaintiffs' debt be declared a first lien on the property, and that it be adjudged "that the lien or interest of the defendant Grangers'

Business Association in or to said stock, if any there be, is subject and subsequent to plaintiffs' rights in the premises,'' and that the said stock be sold and the proceeds applied to plaintiffs' debt by a commissioner appointed for that purpose. It is of course true that if plaintiffs had desired no other relief than to obtain a judgment against Logan, and a sale of Logan's interest alone in the stock to satisfy such judgment, the Grangers' Business Association would have been neither a proper nor a necessary party. But the allegation is that the association makes some claim to the stock. A suit against Logan alone would have left the stock, after the judicial sale, subject to the claims of the association, or, at all events, without a foreclosure thereof. It was the right of the plaintiffs to have all of those claims, whatever they may have been, foreclosed by the suit and disposed of by the sale, so that purchasers thereat would obtain absolute title, and thus be induced to offer a higher price. In order to obtain relief of this character, it was not only proper, but indispensably necessary, that the Grangers' Business Association should be made a party defendant. It was not requisite to this necessity that the association should have an actual interest in the property pledged nor that the complaint should aver that it had such interest. It was enough to show that it made some claim thereto; for the plaintiff who seeks a judicial sale of pledged property to satisfy his debt is entitled to have a foreclosure of all claims, as well as all subordinate interests, so that he may obtain the full benefit of a sale of all outstanding subordinate interests in the property, free from all claims of every character, whether well founded or not.

The fact that the plaintiffs might have maintained an action for a part of the relief to which they were entitled, and that in an action for such limited relief no person except Logan could properly be made a defendant, would not justify a change of venue of the action which they have stated in the complaint. The test is to be made by ascertaining who are necessary parties to the action as it is set forth in the complaint, and what parties are necessary in order to enable the plaintiffs to obtain all the relief which is properly included in the prayer for relief made therein. (*Greenleaf* v. *Jacks,* 133 Cal. 506, [65 Pac. 1039]; *Quint* v. *Dimond,* 135 Cal. 572, [67 Pac. 1034].) If one of the parties who are thus

made necessary resides in the county in which the action is begun, the action is properly begun and may be properly tried in that county, although the other and principal defendant resides in another county. (Code Civ. Proc., sec. 395.) The case of *Sayward* v. *Houghton*, 82 Cal. 628, [23 Pac. 120], is not contrary to this conclusion. The decision in that case was put upon the grounds that the resident co-defendant, which was a corporation, was not in any sense interested in the action; that no cause of action was stated against it; and that the plaintiff could obtain all the relief he demanded without making it a party. This is the effect given to the opinion in *Greenleaf* v. *Jacks,* 133 Cal. 506, [65 Pac. 1039], and *Quint* v. *Dimond,* 135 Cal. 572, [67 Pac. 1034], and anything therein pointing to a different conclusion must be considered as modified by those cases. None of the above-mentioned grounds upon which the decision in that case was based exist in the case at bar.

The joinder of all the defendants in the motion to change the venue does not make the change imperative. *(Quint* v. *Dimond,* 135 Cal. 572, [67 Pac. 1034].),

The order is affirmed.

Angellotti, J., and Van Dyke, J., concurred.