[Civ. No. 848.   Third Appellate District.—May 9, 1911.]

ELIZABETH A. O'BRIEN, as Special Administratrix of the
Estate of JOSEPH A. O'BRIEN, Deceased, Respondent,
v. CHARLES F. O'BRIEN and WILLIAM T. GAR-
RETT, as Survivors of the Firm of O'BRIEN & GAR-
RETT, Appellants.

ACTION FOR ACCOUNTING OF ESTATE OF DECEASED PARTNER WITH SUR-
VIVING PARTNERS—VENUE—RESIDENCE OF ONE PARTNER — CHANGE
DISALLOWED.—An action for an accounting of the estate of a de-
ceased partner with two surviving partners may be brought in the
county of the residence of one of them, and the other partner,
though he is the managing partner, is not entitled to have the
venue changed to the county of his residence, although the other
partner calls himself a nominal defendant, and joins with the
managing partner in asking for such change.

ID.—MERITS OF ACTION NOT CONSIDERED ON MOTION TO CHANGE VENUE.
The court will not go into the merits of the action, on a motion
to change the place of trial.

ID.—NATURE OF ACTION—BOTH DEFENDANTS NECESSARY PARTIES.—It
is held that it appears from the complaint of the administratrix
that the nature of the action is such that both of the defendants
are necessary parties thereto, as the surviving partners in the
firm of which the deceased was a member, which was presumably
dissolved by the death of one of the members of the firm, so that
a full accounting of the affairs of the partnership is required,
which cannot be had without the presence of both of the surviving
partners.

APPEAL from an order of the Superior Court of the
City and County of San Francisco denying defendants' mo-
tion to change the place of trial.   Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

Frank James, E. C. Chapman, and Frank W. Taft, for
Appellants.

Lent & Humphrey, for Respondent.

CHIPMAN, P. J.—The purpose of this appeal is to review
the order of the trial court denying defendants' motion for a
change of the place of trial.

The complaint is quite a voluminous document and only such of its averments will be stated as will show the nature of the action and serve to disclose the reasons for denying defendants' motion.

It is alleged that in his lifetime plaintiff's testate, Joseph A. O'Brien, and defendants, Charles F. O'Brien and William T. Garrett, were partners, under the firm name of O'Brien & Garrett, doing business in the city of San Francisco as agents for the sale of land located in the republic of Mexico; that on December 28, 1908, the said Joseph died testate, naming defendant, his brother Charles, as executor of his last will; that he duly qualified as such executor, but, because of certain neglect of duty, he was removed from his office as executor, and plaintiff, who was sole devisee and widow of Joseph, was appointed special administratrix of the estate of deceased; that Charles, while such executor, had failed to account to said estate with respect to Joseph's partnership interest in said firm and had failed to mention it in his inventory of said estate; that neither of defendants, as surviving partners, ever accounted to said executor of said estate and neither has accounted to plaintiff, although she has demanded of them that such accounting be made since her appointment as special administratrix of said estate; that ever since the death of said Joseph the "defendants continued in the possession of said partnership and partnership property and undertook the settlement of said partnership business." The complaint then sets forth with some particularity the nature, extent and value of the business transacted, the profits of which amounted, as she avers, to over $25,000 and that there remains due to her testate, as a member of said firm, a large amount of money, the exact amount she is and has been unable to ascertain, "because of the incomplete condition of the accounts of said firm and of the failure and refusal of defendant, Charles F. O'Brien and of said William T. Garrett, to furnish to plaintiff information with reference to the accounts of said partners, with said firm and as to the amounts to which the estate of plaintiff's husband, Joseph A. O'Brien, is entitled, as the share of said Joseph A. O'Brien in the net profits of said business, as is hereinafter more particularly set forth; that said defendants, as surviving partners of the partnership of O'Brien & Garrett, ever since the death of

said Joseph A. O'Brien, continued to transact the business of said partnership for the purpose of settling its affairs and concluding its affairs with the exception of collecting outstanding commissions''; that about the —— day of March, 1909, and since the death of said Joseph A. O'Brien, the defendants have collected, on account of said partnership business, including collections prior to the death of said Joseph, as plaintiff is informed, more than $42,500, and there remains due said partnership about the sum of $25,000, ''the exact amount of which plaintiff is unable to state, as the books of said partnership are in the possession of and under the absolute control of said Charles F. O'Brien''; that the said Charles F., ever since the death of said Joseph, ''has been and still is acting as the managing partner of said partnership and has all the books and accounts of said partnership''; that the said partners were to share equally the expenses and earnings of said partnership; that ''all the commissions and profits collected or paid to said firm were received by the said Charles F. O'Brien, as representing said firm, upon the understanding and agreement between the members thereof that after paying the expenses of conducting said business the net profits would be divided among said partners in equal proportions as provided in said agreement of partnership''; that of the amount of net profits as aforesaid payable to the said Joseph and to his estate none thereof has been paid except the sum of about $1,800; that since the death of Joseph, the said defendant Charles F. O'Brien has had the principal charge of said business and the control of the receipts and expenditures, relating to transactions both before and since the death of Joseph; that he has kept the books in a negligent and incomplete manner and so as not to fully show the moneys received on account of said firm, or the amounts to which it is entitled, and that it is not possible from said books to ascertain the true condition of the partnership affairs, and that an accounting is necessary to ascertain the respective rights and interests of the members; that the said defendant Charles is misusing said funds and diverting them to his own personal gain in fraud of plaintiff's rights and he denies that plaintiff has any rights in or to any of said partnership property.

An accounting is prayed for of all the dealings and transactions of the said copartnership and, among other things, that

the net profits of said business be ascertained and the amounts that have been paid to the several partners "and all moneys due and paid to, or to become due and payable to the said firm."

It seems to us too plain to require the citation of authorities that the action is for an accounting of the partnership business among the members of a copartnership, presumably dissolved by the death of one of the partners, and that enough facts are sufficiently averred to show that both Charles F. O'Brien and William T. Garrett are necessary parties.

Appellant contends that the complaint shows on its face that defendant Garrett is united in interest with the plaintiff and, if made a party at all, should have been made a co-plaintiff or, if having refused his consent to be joined as a plaintiff, he should then and then only have been made a defendant, as provided in section 382 of the Code of Civil Procedure, and that he has been made a defendant for the purpose of enabling plaintiff to name the place of trial and prevent defendants from causing the place of trial to be changed to the place of residence of defendant Charles F. O'Brien. Furthermore, it is claimed that Garrett is only a nominal defendant. Defendant Garrett joined in the demand for a change of venue and in the general demurrer to the complaint, and he made an affidavit in which he stated that "affiant is not in possession of the property or assets of said alleged copartnership, is a nominal party only to said action, and has no substantial interest in the defense thereof." He also says: "that affiant has a good and substantial defense on the merits to said action and to the whole of plaintiff's demand therein alleged."

The fact that Garrett joined in the demand did not affect plaintiff's right to have the cause tried at his place of residence. (*Hearne* v. *De Young,* 111 Cal. 373, [43 Pac. 1108]; *Holman* v. *Logan,* 148 Cal. 58, [82 Pac. 848].)

There are some averments of the complaint showing that defendant O'Brien is the party chiefly delinquent, but there are averments showing also that defendant Garrett has been connected with defendant O'Brien in the management and control of the business since the death of plaintiff's testate and is withholding from plaintiff the information she seeks, and in some degree at least is responsible for the failure to

account to her or to her testate in his lifetime. In his affidavit Garrett declares that he has a good defense "to the whole of plaintiff's demand therein alleged," which would carry with it the defeat of plaintiff's action if successful. His declaration that he "is a nominal party only" is not conclusive. The court will not go into the merits of the action on a motion to change the place of trial. (*McKenzie* v. *Barling*, 101 Cal. 459, 462, [36 Pac. 8].) Appellant's claim that Garrett was joined as defendant "for no other purpose than to block if possible the right of O'Brien to secure a transfer of the trial to the county of his residence," has not so much support as the converse claim of plaintiff, that Garrett has come to his codefendant's relief for the purpose of depriving her of a right claimed by her. We think Garrett was properly joined as a defendant.

Such being our view of the nature of the action and of the parties necessary thereto, the correctness of the order denying the motion to change the place of trial from San Francisco to Los Angeles is easily disposed of.

Defendant Charles F. O'Brien deposed that he was at the commencement of the action a resident of Los Angeles and that his codefendant was then a resident of San Francisco. It has been decided by the supreme court that, under section 395 of the Code of Civil Procedure, the plaintiff has the right to have the cause tried in the county where either of the defendants resides. (*Hearne* v. *De Young*, 111 Cal. 373, [43 Pac. 1108] ; *Greenleaf* v. *Jack*, 133 Cal. 506, [65 Pac. 1039] ; *Greenleaf* v. *Jack*, 135 Cal. 154, [67 Pac. 717] ; *Helman* v. *Logan*, 148 Cal. 58, [82 Pac. 848].)

In the case of the same plaintiff as here (versus Charles F. O'Brien, No. 847, recently before this court, *ante*, p. 103, [116 Pac. 692], the order denying the motion to change the venue was reversed on the ground that the defendant, without substantial conflict, showed his residence to be in Los Angeles at the commencement of the suit. The evidence on the issue was not materially different from that submitted on the motion in the present case. But in that case Charles F. O'Brien was the sole defendant and the partnership alleged was that of Charles F. O'Brien & Co., composed of Thomas A. O'Brien and Charles F. O'Brien, engaged in the business of selling lands located in the neighborhood of San Francisco. Here

the partnership is composed of three persons, under a different firm name and engaged in selling lands located in Mexico. The question of the residence of Charles F. O'Brien is immaterial, inasmuch as it is conceded that his codefendant resides in the city and county of San Francisco, where the action was brought.

The order is affirmed.

Hart, J., and Burnett, J., concurred.