[Civ. No. 2011.   Third Appellate District.—July 8, 1919.]

A. N. MITCHELL et al., Respondents, v. C. L. KIM et al., Defendants; P. B. CROSS, Appellant.

[1] PLACE OF TRIAL — PERSONAL ACTIONS — DEFENDANTS JOINED FOR PURPOSE OF TRIAL.—A personal action must be tried in the county in which the defendants, or some of them, reside at the commencement of the action. If any person is impliedly joined as a defendant, or has been made a defendant solely for the purpose of having the action tried in the county where he resides, his residence must not be considered in determining which is the proper county for the trial of the action.

[2] ID.—SEVERAL DEFENDANTS RESIDING IN DIFFERENT COUNTIES.—In a personal action, a defendant is entitled to have the action tried in the county of his residence, but where there are several defendants, if one defendant resides in one county and a codefendant in another county, the plaintiff may have the case tried in either county.

[3] ID.—IMPROPER JOINDER—CONFLICT BETWEEN AFFIDAVITS AND COMPLAINT—DECISION—APPEAL.—Where the affidavits in support of a motion for a change of venue to the county of the residence of the moving party allege that the parties named as his codefendants were never at any time associated with him in the transaction which is the subject of the action, but the verified complaint of plaintiffs and the affidavit of a witness to the transaction allege that all of the persons named as defendants were parties to the transaction, and that each of them did promise to pay plaintiff, the decision of the trial court cannot be disturbed on appeal.

[4] ID.—MERITS OF CASE NOT CONSIDERED.—On a motion to change the place of trial, the court will not go into the merits of the action.

APPEAL from an order of the Superior Court of Colusa County denying a motion for a change of venue. Ernest Weyand, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank Freeman and Bacigalupi & Elkus for Appellant.

W. T. Belieu for Respondents.

CHIPMAN, P. J.—Motion to change the place of trial. The motion was denied and defendant Cross appeals from the order. The action was commenced in the superior court of Colusa County. The motion was made "upon the grounds that defendant, P. B. Cross, is, and at the time of the commencement of the above-entitled action was, a resident of the city and county of San Francisco."

It is alleged in the complaint that Kim and Porter, at the times mentioned in the complaint and at the commencement of the action, were copartners; that defendants became indebted to plaintiffs in the sum of $4,960.01 "for the building and construction of a certain ditch and lateral work on what is known as Baker Creek, in the counties of Glenn and Colusa, for the defendants" at their special instance and request and for their benefit; that said defendants promised and agreed to pay plaintiffs for said construction work as soon as it was completed; that said work has been completed and demand made upon defendants to pay plaintiffs for the same, but defendants have failed and refused so to do.

In support of the motion defendant Cross made and filed an affidavit stating that at the commencement of the action he was a resident of the city and county of San Francisco; denied that he at any time ever entered into any transaction with plaintiffs, or either of them, for construction work, or any other kind of work, "to which said agreement or contract C. L. Kim or F. M. Porter individually or as copartners were a party to or associated with me." He further states: "I believe and therefore allege that plaintiffs have joined said C. L. Kim and F. M. Porter as joint defendants full knowing that they are in no way associated with me in any contract or transaction had by

myself with them and that they have so joined said defendants for the purpose and for the purpose only of attempting to keep the place of trial of the case in Colusa County, knowing full well that I am a resident of the city and county of San Francisco, and that they hoped thereby to perpetrate a fraud upon the court and upon the law; and that there is a dispute between said plaintiffs, the California Midland Realty Company and myself over certain construction work but that I have never had any dealings with said plaintiffs to which said defendants, C. L. Kim or F. M. Porter were parties."

Defendant Kim made affidavit in which he stated that he had not at any time entered into any contract with or had any construction work done by plaintiffs to which said contract defendant Cross was a party; that he did not contract with nor employ plaintiffs, or either of them, to do any of the work set forth in the complaint, and denied that he was indebted to plaintiffs in connection with said work. He further states: "I verily believe that I have been joined with said defendant. P. B. Cross, in order that plaintiffs could show in their pleadings that there were defendants residing in Colusa County, although said plaintiffs well knew that said P. B. Cross was not a resident of Colusa County and that said plaintiffs well knew that they had no claim against me but that they joined me herein as a defendant herein in order to permit a fraud upon the court." Affiant also joins in the demand for a change of the place of trial. Defendant Porter made affidavit in like terms.

The complaint is verified by plaintiff Harlan and in his affidavit he states that "he has read the complaint and knows the contents thereof, that the same is true of his own knowledge." The affidavit of H. J. Barceloux was filed and considered by the court. Affiant stated as follows: "That he is a resident of Glenn County, California; is personally acquainted with the plaintiffs above named, and all the defendants above named; that he is personally acquainted with the facts connected with the controversy between the plaintiffs and the defendants in the above-entitled action; that he has read the affidavits of said defendants herein, and is acquainted therewith; that wherein said affiants and each of them state that the said defend-

42 Cal. App.—8

ants had no dealings or transactions with the plaintiffs for the doing and performing of the work and labor set out and described in plaintiff's complaint, is untrue and false. That affiant was personally present when the said defendant hired and employed plaintiffs to do and perform said work and labor as set out in plaintiffs' complaint, and that pursuant thereof, the said plaintiffs did do and perform the same in Colusa County and Glenn County, and the said defendants and each of them did promise to pay plaintiffs therefor.''

[1] In a personal action such as this, ''the action must be tried in the county in which the defendants, or some of them, reside at the commencement of the action. . . . If any person is impliedly joined as a defendant, or has been made a defendant solely for the purpose of having the action tried in the county where he resides, his residence must not be considered in determining which is the proper county for the trial of the action.'' (Code Civ. Proc., sec. 395.) [2] In such an action a defendant is entitled to have the action tried in the county of his residence, but where there are several defendants, if one defendant resides in one county and a codefendant in another county, the plaintiff may have the case tried in either county. (*O'Brien* v. *O'Brien*, 16 Cal. App. 193, [116 Pac. 696]; *Hellman* v. *Logan*, 148 Cal. 58, [82 Pac. 848].)

[3] The averments of the complaint, if true, furnish a complete answer to the charge made that Kim and Porter were made parties defendant for the purpose of imposing upon the court and to cause the venue of the action to remain in Colusa County. The averments of the complaint show unequivocally that all of the defendants were parties to the contract under which plaintiffs did the alleged work, and the effect of the verification of the complaint is that these averments are true. The affidavit of Barceloux is corroborative of these statements.

It may be an open question whether or not a court would be authorized in any case to determine that the affidavits presented to it upon a motion of this nature would be sufficient to overcome the allegations of the complaint or to permit those allegations to be determined by affidavit (*Lakeshore Cattle Co.* v. *Modoc Land etc. Co.*, 108 Cal. 261, [41 Pac. 472]); but, as was said in that case, and in

*Bowers* v. *Modoc Land etc. Co.,* 117 Cal. 50, [48 Pac. 979], it is sufficient to say that there is a direct conflict between the affidavits filed in support of the motion and in the verified allegations of the complaint and the affidavit of Barceloux. (See *Quint* v. *Dimond,* 135 Cal. 574, [67 Pac. 1034].)

Under these circumstances the decision of the court cannot be disturbed.

A consideration of the issues presented by the affidavits in support of the motion would involve to a considerable degree the merits of the action. **[4]** The court will not go into the merits of the action on a motion to change the place of trial. (*McKenzie* v. *Barling,* 101 Cal. 459, [36 Pac. 8]; *O'Brien* v. *O'Brien,* 16 Cal. App. 193, [116 Pac. 696].)

The order is affirmed.

Hart, J., and Burnett, J., concurred.