NIEVES, PLAINTIFF AND APPELLEE, *v.* HEIRS OF MANGUAL, DE-
FENDANTS AND APPELLANTS.

APPEAL from the First District Court of San Juan in an
Action of Filiation, Etc.—Change of Venue.

No. 2866.—Decided February 23, 1923.

FILIATION—VENUE—CHANGE OF VENUE—JURISDICTION.—In an action of filiation
when the plaintiff and one of the defendants reside in the district of San
Juan the court of San Juan has jurisdiction, in accordance with section 81
of the Code of Civil Procedure, notwithstanding the fact that the other
defendants reside in another district and have moved for a change of venue
to the court of their residence.

The facts are stated in the opinion.

*Messrs. González Fagundo & Gónzález, Jr.,* for the ap-
pellants.

*Messrs. C. Honoré* and *E. H. F. Dottin* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

There is involved in this case a question of change of
venue. Ramón Nieves Mercado, as guardian *ad litem* of
Pilar Mercado, brought an action in the First District Court
of San Juan against the heirs of José Sergio Mangual Fa-
lero, composed of his widow and eight children, praying
that Pilar Mercado be adjudged the acknowledged natural
daughter of José Sergio Mangual Falero and be given pos-
session of her share of his estate.

The defendants were summoned and the widow, indi-
vidually and in the names of three minor children, and four
of the other adult defendant children joined in moving for a
change of venue to the District Court of Humacao for the
sole reason that they resided within the said district of
Humacao. The other defendant resides in the district of
San Juan.

The court overruled the motion because the affidavit of
merits exhibited with the motion was not sufficient, and be-
cause both the plaintiff and one of the defendants resided
in the district of San Juan.

The defendants who moved for the change of venue took the present appeal.

We have examined the affidavit of merits and undoubtedly, applying the jurisprudence laid down in the case of *Baker, Carver & Morell* v. *Healy & Siebert, post,* page 527, we should hold that it was sufficient, but that was not the only ground for overruling the motion. The plaintiff and one of the defendants reside in the district of San Juan, and although the other defendants reside in another district, the plaintiff had a right to bring and has a right to continue the action in the district of San Juan. That is the actual ground of the order appealed from.

Limiting ourselves to a consideration of the question from the only aspect under which it was raised, it will suffice to cite section 81 of the Code of Civil Procedure which, in so far as pertinent, reads as follows:

"In all other cases, the action must be tried in the district in which the defendants, *or some of them,* reside at the commencement of the action; * * * " (Italics ours.)

And the jurisprudence of California in construing a similar statute has been expressed as follows:

"The right of the defendant to have the action tried in the county where he resides at the time of the commencement of the suit, is provided by this section (Palmer & Rey v. Barclay, 92 Cal. 199; 28 Pac. 226); and where there is no express provision to the contrary, the proper county for trial, subject to the power of the court to change the place of trial on account of convenience of witnesses, disqualification of judge, and inability to have an impartial trial, is the county in which the defendants, or some of them, reside at the commencement of the action. Bonestell v. Curry, 153 Cal. 418; 95 Pac. 887. * * * If one defendant resides in one county and a co-defendant in another county, the plaintiff may have the cause tried in either county. O'Brien v. O'Brien, 16 Cal. App. 193; 116 Pac. 696; Hellman v. Logan, 148 Cal. 58; 82 Pac. 848. An action to recover damages for the loss of property by fire, caused by the negligence of the defendants, may be brought

in the county of the residence of either defendant. Quint v. Dimand, 135 Cal. 572; 67 Pac. 1034. An action to recover a partnership interest, and for an accounting, must be tried in the county in which the defendants, or some of them, reside at the commencement of the action; it is only where none of the defendants are residents of the state that the plaintiff can designate in his complaint the place of trial (Banta v. Wink, 119 Cal. 78; 51 Pac. 17); and the burden of proof is on the moving party to show that no defendant resides in the county where the suit is commenced. Modoc County v. Madden, 136 Cal. 134; 68 Pac. 491. The test is, Does one of the necessary parties reside in the county where the action is brought? and if so, it may be tried there. Hellman v. Logan, 148 Cal. 58; 82 Pac. 848.'' 1 Fairall's Code of Civil Procedure, 276.

The order appealed from must be

*Affirmed.*

Jusices Wolf, Aldrey, Hutchison and Franco Soto concurred.