(Nos. 4809, 4883.   January 19, 1928.)

BIG SPRINGS LAND & LIVESTOCK COMPANY, a Corporation, Respondent, v. A. W. BECK and J. O. BECK, Appellants.

[263 Pac. 477.]

CHANGE OF VENUE—DEMAND FOR—MOTION—AFFIDAVITS—SUCCESSIVE MOTIONS—NEGLIGENCE—PROXIMATE CAUSE—APPEAL AND ERROR—ADMISSION OF EVIDENCE SUBSEQUENTLY STRICKEN NOT PREJUDICIAL ERROR—CAUSE AND EFFECT—EVIDENCE.

1.  Joint action against tort-feasors may, under C. S., secs. 6664, 6665, be tried in county in which either resides, and if commenced in other county may be there tried, in absence of written demand for trial in proper county.

2.  Even if complaint stating cause of action against defendants as joint tort-feasors is not conclusive as to venue, *held*, that showing for change of venue, on the ground that one defendant was joined merely to prevent change, was insufficient in view of counter-showing made.

3.  Motion for change of venue, required by C. S., sec. 6665, to be made when defendant appears and answers or demurs, being made on ground of any cause of action being against movant alone, and not against the other defendant, in whose county action was commenced, and being denied, may not be renewed when, at close of plaintiff's case, action is dismissed as to the other defendant on his motion for nonsuit.

4.  Though the complaint for causing fire in filling gasoline tank on engine merely alleged that, while motor was in operation and various surface parts thereof extremely hot, defendant negligently attempted to fill the tank immediately above the motor, by pouring gasoline from an open bucket, and in so doing spilled some over surface of motor, including the exposed spark plugs

"and the box containing the ignition coils," and did not allege the absence of the lid from the coil-box, evidence thereof was admissible to show the true facts, and was relevant as explanatory of the manner in which the engine was operated and the fire ignited.

5. Where plaintiff, in action for burning of his hay, testified that, while gasoline was being poured into the reservoir of defendant's engine, there was a burst of flames which enveloped the tractor, and defendant testified that the fire started on the hay, and that the tractor was not in flames, evidence that immediately thereafter the wires on the motor were found to be burned off is admissible to corroborate plaintiff.

6. Admission of evidence of subsequent repair of defendant's engine *held* not subject for complaint, in view of its being stricken on motion, thus removing it from jury's consideration.

7. Finding by jury of cause and effect between defendant's negligent filling of gasoline engine and burning of plaintiff's hay, being on ample evidence, cannot be disturbed on appeal.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Dana E. Brinck, Judge.

Action in tort. Judgment for plaintiff. *Affirmed.*

L. W. Tennyson and Frawley & Koelsch, for Appellants.

The venue of a personal action is determined by the residence of the defendant. (C. S., sec. 6664.)

If the complaint states no cause of action against the resident defendant, the nonresident defendant is entitled to removal of the action on his motion. (*Sayward v.*

Publisher's Note.

1. See 27 R. C. L. 804.
4. See 20 R. C. L. 178.
5. See 10 R. C. L. 943.

See Appeal and Error, 4 C. J., sec. 2834, p. 852, n. 57; sec. 2972, p. 989, n. 16.

Explosives, 25 C. J., sec. 37, p. 204, n. 1 New; sec. 39, p. 206, n. 40 New.

Negligence, 29 Cyc., p. 584, n. 28.

Venue, 40 Cyc., p. 99, n. 87, p. 111, n. 73, p. 155, n. 50, p. 166, n. 69.

*Houghton,* 82 Cal. 628, 23 Pac. 120; *Lachman v. Central California Berry Growers Assn.,* 58 Cal. App. 748, 209 Pac. 379; *Bartley v. Fraser,* 16 Cal. App. 560, 117 Pac. 683.)

Though the complaint upon its face shows a cause of action against the resident defendant, the nonresident defendant may show that there is in fact no cause of action against such resident defendant, and that the resident defendant is not a material party but was joined for the purpose of preventing trial in the county of residence of the real defendant. (*Karst v. Seller,* 45 Cal. App. 623, 188 Pac. 298; *Johnson v. Benton,* 73 Cal. App. 571, 239 Pac. 63; *McDonald v. California Timber Co.,* 151 Cal. 159, 90 Pac. 548; *Lachman v. Central California Berry Growers Assn., supra; Sourbis v. Rhoads,* 50 Cal. App. 98, 194 Pac. 521; *Barry v. Wachosky,* 57 Neb. 534, 77 N. W. 1080; *Thompson v. Pickett and Golightly* (Tex. Civ. App.), 288 S. W. 256.)

When it develops upon the trial of a case that the resident defendant is not material defendant and the case is dismissed as against him the court is without jurisdiction to proceed with the trial over the objection of the nonresident defendant. (*Maddox v. Brooks,* 17 Ga. App. 644, 87 S. E. 911; *Barnes v. Balz,* 173 Ark. 417, 292 S. W. 391.)

The right of the plaintiff to recover is limited to the negligence alleged, that is, the evidence should conform to the pleadings and be confined to the issues in the case. (*Haner v. Northern Pac. Ry. Co.,* 7 Ida. 305, 62 Pac. 1028; 31 Cyc. 680.)

The testimony relative to certain repairs being made on the tractor subsequent to the time of the fire was too remote and not admissible, and was an attempt to base an inference on an inference and a presumption on a presumption. (*Jakeman v. Oregon Short Line R. Co.,* 43 Ida. 505, 256 Pac. 88; 22 C. J., sec. 27, and cases cited; *Holt v. Spokane etc. Ry. Co.,* 3 Ida. 703, 35 Pac. 39.)

The relation between the negligence alleged and the burning of the hay should be established by preponderance of the evidence, and the cause of the fire should not be left to the

conjecture, surmise and speculation of the jury. (*Antler v. Cox,* 27 Ida. 517, 149 Pac. 731; *Beeler v. Atchison, T. & S. F. Ry. Co.,* 107 Kan. 522, 192 Pac. 741; *Puckhaber v. Southern Pac. Co.,* 132 Cal. 363, 64 Pac. 480; *Union Inv. Co. v. San Francisco Gas & Electric Co.,* 168 Cal. 58, 141 Pac. 807; *Osier v. Consumers' Co.,* 41 Ida. 268, 239 Pac. 735; *Okmulgee Gas Co. v. Kelly,* 105 Okl. 189, 232 Pac. 428; *Sullivan v. Old Colony St. Ry. Co.,* 197 Mass. 512, 125 Am. St. 378, 83 N. E. 1091; *Searles v. Manhattan Ry. Co.,* 101 N. Y. 661, 5 N. E. 66.)

Wm. Healy for Respondent.

Where one of the defendants, against whom a valid cause of action is stated in the complaint, resides in the county where the action is commenced, the cause cannot be removed on the ground of nonresidence of another defendant. (C. S., sec. 6664; *Remington Sewing Machine Co. v. Cole,* 62 Cal. 311; *Sayward v. Houghton,* 82 Cal. 628, 23 Pac. 120.)

Even though an action is begun in the wrong county, the court has jurisdiction to try the case there, and has no power to order a removal unless proper and timely application is made in the manner required by statute. (C. S., secs. 6665, 6666; *Holt v. Warf,* 33 Ida. 350, 194 Pac. 475.)

Where it is claimed that there has been a fraudulent joinder for the purpose of preventing a removal the trial court can at most only inquire whether a valid cause of action, pleaded in good faith, is stated in the complaint as against the defendant residing in the county where the action is brought. (*McDonald v. California Timber Co.,* 151 Cal. 159, 90 Pac. 548; *Karst v. Seller,* 45 Cal. App. 623, 188 Pac. 298; *Johnson v. Benton,* 73 Cal. App. 571, 239 Pac. 63; *Sourbis v. Rhoades,* 50 Cal. App. 98, 194 Pac. 521.)

An order refusing to change the place of trial is an appealable order. (C. S., sec. 7152.)

Proof of all incidental facts and circumstances that may be explanatory of or that may tend to establish the negligence of the primary acts charged, is admissible. (29 Cyc. 584; *Lucas v. Wattles,* 49 Mich. 380, 13 N. W. 782.)

Proof by circumstances as to the cause of an explosion need not exclude all other causes. (*Marland Refining Co. v. Snider* (Okl.), 257 Pac. 797.)

The negligent handling of gasoline was the proximate cause of the fire, even though it may have been ignited by means not under the control of the defendant. (Thompson on Negligence, secs. 7916 and 7930; *Koplan v. Boston Gaslight Co.,* 177 Mass. 15, 58 N. E. 183; *Moore v. Lanier,* 52 Fla. 353, 42 So. 462; *Consolidated Gas Co. v. Getty,* 96 Md. 683, 94 Am. St. 603, 54 Atl. 660, 32 L. R. A., N. S., 819, note.)

ADAIR, Commissioner.—This suit was commenced against two defendants, A. W. Beck and J. O. Beck, to recover as damages the value of several stacks of hay destroyed by fire, due to the alleged negligent operation of a tractor owned and operated by defendants, and used in connection with a threshing or seed-hulling machine. At the time of appearance, both defendants moved for a change in place of trial from Ada to Elmore county, on the ground that J. O. Beck was the only real defendant, and was a resident of the latter county. The demand for change of venue was denied, and an appeal from such order perfected. Thereafter, the defendants answered the complaint; the cause was tried on the issues formed; a verdict was rendered and judgment entered against J. O. Beck. From such judgment and an order denying a motion for a new trial, another appeal was taken. These appeals were by stipulation consolidated, and will therefore be the subject of but one opinion by this court.

Accompanying the motion and demand for change of venue were affidavits of merit made by each of the defendants to the effect that J. O. Beck was a *bona fide* resident

of Elmore county; that he was the only material and proper defendant; that A. W. Beck, who resided in Ada county, was not interested in the action or subject matter thereof; that plaintiff well knew that said A. W. Beck was not a material or proper party defendant, but wrongfully and fraudulently joined him as such for the sole and only purpose of defeating the right of J. O. Beck to have the cause removed to and tried in the county of his residence. In addition to the foregoing, A. W. Beck further deposed that he had no interest in these machines, or their operation for hire, or otherwise; that he had no connection whatsoever with their operation at the place where the conflagration took place; and that prior to the commencement of this action he had informed the president of plaintiff corporation of all these facts. The motion was resisted, and counter-affidavits were filed on behalf of plaintiff to be considered by the court in connection with the allegations of the complaint. The president of plaintiff corporation, who had verified the complaint on behalf of plaintiff, in an affidavit stated that plaintiff was not actuated by fraudulent or ulterior motives in so making A. W. Beck a defendant, or in bringing the action in Ada county; that affiant believed that both defendants actually resided in Ada county; that they were father and son; and that they were joined as defendants because of facts and circumstances in the knowledge of affiant, tending to prove that they were the joint owners and operators of the threshing outfit involved in this controversy. By affidavit, the attorney of record for plaintiff asserted that he had made personal investigation of the facts, and had credible information to the effect that both defendants had been for several years, and still were, associated together in a business way in farming operations; that the threshing outfit was purchased and operated by them jointly, and used by them in common; and that plaintiff at the trial expected to present evidence of these circumstances and others tending in the same direction. The complaint, by positive allegations, set forth the facts that

the defendants, at all times therein mentioned, were the owners of and were engaged in operating this outfit for hire; that defendants were guilty of certain specified negligence; that they wrongfully and negligently caused certain hay, the property of plaintiff, to be consumed and destroyed by fire. The complaint in no uncertain terms stated a cause of action against both defendants, jointly and severally. There was no act of negligence charged against one that was not equally applicable to the other; and there was no variation in the allegations therein contained as to the liability of these defendants, either as to the ownership or manner of use of the instrumentalities which caused the damage. The foregoing was the only showing made to the court for its determination of the matter in the first instance.

[1, 2]   It is settled beyond the necessity of citing authorities, that a plaintiff has an absolute right to sue tort-feasors either jointly or severally. If sued severally, the venue lies in the county in which the defendant resides, and he has the inherent right to have the case tried there if he so desires. If sued jointly, the action may be tried in any county in which either defendant may reside. (C. S., sec. 6664.) If the action is not commenced in the proper county, it may, notwithstanding, be tried there, unless the defendant in writing demands that the cause be tried in the proper county. (C. S., sec. 6665.) Appellants contend that although the complaint on its face stated a cause of action against the resident tort-feasor, the nonresident defendant had the right to show that no such cause of action existed against his co-defendant, and that the resident defendant was not a material party, but was joined for the purpose only of thwarting the efforts of the nonresident to procure a trial in the proper county. It has been held in many jurisdictions that the allegations of a complaint are not conclusive upon the question of venue, but that an individual defendant by affidavit can deny the liability of another defendant, and annex to his affidavit

a copy of a contract, or other evidence, showing that the cause of action does not in reality exist as to the co-defendant. (*Lachman Co. v. Central California Berry Growers' Assn.*, 58 Cal. App. 748, 209 Pac. 379.) Admitting that this is a correct statement of the law, no sufficient showing in this case was made to support the motion, in view of the counter-showing made by respondent. Upon a hearing of this kind, it is not proper to have a trial on the merits. (*McKenzie v. Barling*, 101 Cal. 459, 36 Pac. 8; *O'Brien v. O'Brien*, 16 Cal. App. 193, 116 Pac. 696; *Mitchell v. Kim*, 42 Cal. App. 111, 183 Pac. 368.) In the latter case, wherein the facts on this issue were very much in point with those in the case at bar, it was further held that where there is a direct conflict between the affidavits filed in support of the motion, and those in opposition thereto and the allegations of the verified complaint, "the decision of the court cannot be disturbed."

The defendant moving for a change of venue must, at that time, make a sufficient showing to convince the court that he is the only person liable; and the court should exercise a wise discretion in passing on the question whether the resident defendant has been sued for such fraudulent purpose. (*Sourbis v. Rhoads*, 50 Cal. App. 98, 194 Pac. 521.) The court has the right, and it is its manifest duty, to examine the affidavits of both parties and any other evidence adduced before it, and must then dispose of the matter on such record. The court did not err in entering the order denying the motion for change of venue, from which the first appeal was taken.

[3] When the plaintiff concluded its case and rested, a motion, which was not resisted by plaintiff, was made in behalf of A. W. Beck for a nonsuit, which was granted, the action being dismissed as to him. Thereupon, J. O. Beck orally renewed his demand for a change of venue, and objected to further proceedings in the case on the ground that the court lacked jurisdiction to proceed further against him in Ada county. His demand being refused and objec-

tions overruled, the trial proceeded, and judgment was entered against him. In his appeal from the judgment and order denying a new trial, he assigns such rulings as error.

Appellants contend that when it develops upon the trial that the resident defendant is not a material or necessary party, and the case is dismissed as to him, the court is without jurisdiction to proceed with the trial over the objection of the nonresident defendant. The following cases are cited to support such position: (*Maddox v. Brooks,* 17 Ga. App. 644, 87 S. E. 911; *Barnes v. Balz* (Ark.), 292 S. W. 391; *Fisher v. Fiske,* 96 Okl. 36, 219 Pac. 683.) On the other hand, in California the rule is otherwise. In *Remington Sewing Mach. Co. v. Cole,* 62 Cal. 311, we find, in discussing this problem, the following language:

"In either event, we do not perceive how the subsequent dismissal of the action as against Jewell and Showers could operate to confer on the other defendants the right contended for by them. That right is to be determined by the condition of things existing at the time the parties claiming it first appeared in the action."

To the same effect, see, also, *Ah Fong v. Sternes,* 79 Cal. 30, 21 Pac. 381. This rule is clearly stated in *McNeill & Co. v. Doe,* 163 Cal. 338, 125 Pac. 345, in the following language:

"The procedure for securing this right—the filing of a demand that it be had in the county of his residence, made at the time he answers or demurs, accompanied by an affidavit of merits—is provided for by section 396 of the Code of Civil Procedure. Thereunder but one right is given to a defendant to move on that ground, and but one time fixed when he may assert it; and he is only then entitled to an order therefor upon a sufficient showing in his affidavit of merits. . . . . . His right to move ended with that denial. Hence, when he made this third motion on the same ground of residence in Tulare county, the court properly denied it, as his right to move in that respect was exhausted with the denial of his original application."

This rule has also been followed in Montana. (*Wallace v. Owsley,* 11 Mont. 219, 27 Pac. 790.) There is respectable authority supporting either view, which cannot be easily reconciled. It will be noted that the statutory provision relative to demanding a change in place of trial is, that such motion must be made at the time the defendant appears and answers or demurs. (C. S., sec. 6665.) We think the rule announced in California is logical, and is the preferable one to adopt and follow. The order denying the second motion for a change of venue, made during the trial, was correct, and should not be set aside and reversed on appeal, for the right to such a change in place of trial must be determined by the conditions existing at the time the parties claiming it first appeared in the action.

In the transcript on appeal from the judgment and the order denying a new trial, there occurs a repetition of all the papers contained in the bill of exceptions which is the basis of the first appeal. Heretofore respondent filed and argued before this court a motion to strike all matters therein which referred to the motion for a change of venue. It is contended that the second order denying the change of place of trial was also an appealable order from which a separate appeal must be prosecuted, and that the matter cannot be reviewed on appeal from the final judgment or order refusing a new trial. Decision of this motion to strike has been held in abeyance pending the argument of the case on the merits. In view of the conclusions hereinbefore expressed, and because of the importance of the question presented, and in order to permit the consideration and determination thereof, we deem it proper that such motion to strike be denied.

[4] Appellants assign as error the admission of certain evidence, over their objection, to the effect that the lid on the coil-box of the tractor was off, thus leaving the vibrator coils exposed at the time of the fire, and that the wiring of the tractor was burned, defective, and out of repair, there being no allegations in the complaint in this respect.

They also contend that the court erred in admitting evidence as to certain repairs alleged to have been made on the tractor subsequent to the time of the fire.   The complaint alleges *inter alia:*

" . . . . The defendants, without the knowledge or consent of the plaintiff, negligently placed said threshing apparatus, consisting of the huller and gasoline engine aforesaid, in the stackyard where said hay of plaintiff was stacked, and proceeded to operate the same for the purpose of threshing certain hay or clover belonging to persons other than the plaintiff, and which was then also stacked in said stackyard in close proximity to the hay of plaintiff.   In so doing, the defendants negligently placed and maintained said gasoline engine between the stacks of hay belonging to plaintiff within four feet from one of said stacks, and at a place where the ground under and about the engine and near the opening in the exhaust pipe thereof was strewn with loose hay, which the defendants negligently failed to remove.   On the 16th of December, 1925, while said engine was in the position aforesaid, and at a time when the motor thereof was in operation and the various surface parts of said motor, including the exhaust manifold and pipe, were extremely hot, the said agent and employee of the defendants, who was then and there acting in the course of his employment, negligently attempted to fill the fuel tank affixed to the engine immediately above and over the motor thereof, by carrying gasoline into the stackyard in an open bucket and pouring it therefrom into a funnel inserted in an opening in said tank, and in so doing spilled quantities of gasoline on his clothing and over the surface of the motor, including the exposed spark plugs and the box containing the ignition coils, and also upon the heated surface of the exhaust manifold and pipe, as well as the ground and the dry and combustible material strewn under and about the tractor.   Thereupon and in consequence of the negligent handling of said gasoline and the negligent operation of said engine, as aforesaid, said gasoline and the hay

in the immediate proximity of the tractor were ignited,'' etc.

An exhibit, admitted in evidence, shows that a Fordson tractor is built with the gasoline tank above the motor. There is a vent or opening at the top of the tank, into which gasoline is poured. On the right side of the motor, and directly underneath this vent, is a row of exposed spark-plugs. On the opposite side of the motor, is the box containing the ignition coils. Extending from the spark-plugs to the ignition coils, over the top of the motor and beneath the gas reservoir, are insulated wires. The testimony disclosed the fact that sparks play in the coils when the motor is in operation. The theory of the respondent was that when the operator of the engine attempted to fill the gasoline tank on the engine, some of the gasoline was spilled over the surface of the motor, including the exposed spark-plugs and ''the box containing the ignition coils.'' It is true that the absence of the lid from the coil-box was not assigned as negligence, but obviously it was negligence to pour gasoline into the tank while the lid was off the coil-box, and the motor in operation. The evidence was properly admitted to show the true facts, and was relevant as being explanatory of the manner in which the engine was operated and the fire ignited.

'' . . . . Under allegations of the particular acts constituting the negligence proof of all incidental facts and circumstances that fairly tend to establish the negligence of the primary acts charged is admissible.'' (29 Cyc. 584.)

See *Lucas v. Wattles,* 49 Mich. 380, 13 N. W. 782; *Koplan v. Boston Gaslight Co.,* 177 Mass. 15, 58 N. E. 183; *Moore v. Lanier,* 52 Fla. 353, 42 So. 462; *Consolidated Gas Co. v. Getty,* 96 Md. 683, 94 Am. St. 603, 54 Atl. 660; *Consolidated Gas Co. v. Connor,* 114 Md. 140, 78 Atl. 725, 32 L. R. A., N. S., 809.

[5, 6] Relative to the evidence admitted as to repairs made on the engine after the fire, it is argued that this testimony could have no purpose or effect except to infer to the

jury that the motor was out of repair, and that this defective condition in some manner caused the fire, which negligence was not alleged in the complaint. As we view it, this evidence had no such purpose. The evidence showed that the wires leading from the spark-plugs to the ignition coils were burned off, and, immediately after the fire, had to be replaced. The testimony in behalf of the plaintiff was that, while the gasoline was being poured into the reservoir, there was a sudden burst of flame which enveloped the entire tractor. This was denied by the man operating the engine, who testified that the fire started on the side of the haystack, and that the tractor was not in flames. This evidence was relevant to corroborate witnesses for respondent, since, unless the tractor was in flames, there could be no reasonable theory as to the cause of the burning of the wires. This evidence might also tend to indicate that gasoline had been spilled, thereby saturating the wires, and causing them to be injured by fire. Some evidence was introduced to show that one of the men present, but not in the employ of the defendants, had a cigarette in his mouth before the fire, the inference being that the fire may have started at another place and been caused by the negligence of another party. However, relative to the repairs to these wires, the court, after admitting testimony, on motion ordered that it be stricken, and thus removed it from the consideration of the jury. There was no error in the admission of evidence about which the appellants can rightfully complain.

[7] Finally, it is contended that the evidence fails to prove any relation of cause and effect between the negligence alleged and the burning of the property of the respondent. This position was the basis of a motion for nonsuit as to appellant J. O. Beck, and for a requested peremptory instruction to that effect. The case was fairly presented to the jury under instructions fully and carefully stating the law of the case. The finding of the jury

should not be disturbed, since there is ample evidence to support the verdict.

We recommend that the motion of respondent to strike certain portions of the transcript on appeal be denied; and that the order denying a change of venue, the final judgment and the order denying the motion for a new trial, be affirmed, with costs, to respondent.

Babcock, C., concurs.

The foregoing is approved as the opinion of the court. The motion of respondent to strike certain portions of the transcript on appeal is denied. The order denying a change of venue, the final judgment and the order denying the motion for a new trial, are affirmed. Costs to respondent.

Wm. E. Lee, C. J., and Givens and T. Bailey Lee, JJ., concur.

Budge and Taylor, JJ., did not sit at the hearing, and took no part in the decision.