[Civ. No. 6437. First Appellate District, Division Two.—August 20, 1928.]

HENRY KAGE, Respondent, v. JOSEPH HASS, Appellant.

Theodore L. Breslauer for Appellant.

Ralph Booth McAbee for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendant Isenberg to recover a judgment for money loaned. He filed his complaint May 7, 1927. The defendant Isenberg appeared and filed a demurrer June 13, 1927. Thereafter, on August 26, 1927, pursuant to his request, the plaintiff was granted permission to file an amended complaint. The amended complaint was so framed that it pleaded a cause of action against the defendant Isenberg and the defendant Joseph Hass as individuals, and against the two as copartners. Later an *alias* summons issued against the defendant Joseph Hass. On October 5, 1927, the defendant Isenberg appeared and filed a demurrer to the amended complaint. On November 14, 1927, the defendant Joseph Hass appeared and filed a demurrer to the amended complaint, a notice of motion to change the place of trial from the city and county of San Francisco to the county of Los Angeles, an affidavit in support of his motion, and a demand that the change be made. The motion for change of venue was made solely by the defendant Joseph Hass, and was not joined in by the defendant Isenberg. The motion for a change of venue was denied and the defendant Hass has appealed from the order. ■ A motion for a change of venue is properly denied where one of the defendants whose residence is in the county where the action was commenced is a proper party to the action and does not join in the motion. (*Paxton* v. *Paxton*, 150 Cal. 667 [89 Pac. 1083].) We do not understand that the defendant questions that rule, but he contends that the evidence in the record shows that both defendants Isenberg and Hass resided in Los Angeles. ■ We think he is mistaken as to the facts. In his notice of motion the defendant Hass stated, ''That said motion will be based upon all the papers, files and records in this cause, and upon the affidavit of the defendant Joseph Hass served herewith, and said defendant's demand for change of place of trial, also served herewith, and upon this notice.'' Nothing to the contrary appearing in the record, we may assume the motion was

based on the papers enumerated in the notice of motion. In his affidavit the defendant Hass alleged that both defendants resided in Los Angeles. In the verified amended complaint the plaintiff alleged: "That the said defendant A. H. Isenberg now is and at all times herein mentioned has been a resident of the city and county of San Francisco, State of California." It therefore appears that the evidence before the trial court was conflicting on the subject as to where the defendant Isenberg resided. In support of the judgment of the trial court we must assume that the trial court found the fact against the defendant Hass and in favor of the plaintiff. In other words, it must have found that the defendant Isenberg was a resident of the city and county of San Francisco. Under such circumstances on appeal the judgment of the trial court will not be disturbed. (*Mitchell* v. *Kim*, 42 Cal. App. 111 [183 Pac. 368].) The order is affirmed.

Nourse, J., and Buck, P. J., *pro tem.*, concurred.