NIEVES, DEMANDANTE Y APELADO, *v.* SUCESIÓN MANGUAL, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Distrito Primero, en pleito sobre filiación y entrega de herencia (traslado del caso).

No. 2866.—Resuelto en febrero 23, 1923.

TRASLADO DEL PLEITO.—Se trata de un pleito sobre filiación y residiendo la parte demandante en el distrito de San Juan, en donde reside también uno de los demandados, de acuerdo con el artículo 81 del Código de Enjuiciamiento Civil, es la corte de San Juan la competente, no obstante residir los otros demandados en otro distrito y pedir el traslado del pleito a la corte de su residencia.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. González Fagundo & González, Jr.*

Abogados del apelado: *Sres. C. Honoré y E. H. F. Dottin.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

Está envuelta en este caso una cuestión de traslado. Ramón Nieves Mercado, como defensor judicial de Pilar Mercado, entabló demanda en la Corte de Distrito de San Juan, Primer Distrito, contra la Sucesión de José Sergio Mangual Falero, compuesta de su viuda y de ocho hijos, en solicitud

de que se declare a Pilar Mercado hija natural reconocida de José Sergio Mangual Falero y se le entregue su herencia.

Emplazados los demandados, la viuda, por sí y como representante de tres hijos menores de edad, y cuatro de los otros hijos demandados mayores de edad se unieron para solicitar el traslado del pleito a la Corte de Distrito de Humacao, basándose únicamente en que residían en dicho distrito de Humacao.  El restante de los hijos demandados reside en el distrito de San Juan.

La corte negó el traslado porque el *affidavit* de méritos acompañado no era suficiente y porque no sólo el demandante sí que también uno de los demandados residía en el distrito de San Juan.

No conformes los demandados que solicitaron el traslado, establecieron el presente recurso de apelación.

Hemos examinado el *affidavit* de méritos y seguramente aplicando la jurisprudencia establecida en el día de hoy en el caso de *Baker, Carver & Morrell* v. *Healy & Siebert,* decidiríamos que era suficiente, pero no fué ese el único motivo de la negativa.  La parte demandante reside en el distrito de San Juan y residiendo también en dicho distrito uno de los demandados, aunque los otros residan en otro distrito la parte demandante tuvo derecho a entablar, y lo tiene a continuar el pleito en el distrito de San Juan.  Ese es en realidad el verdadero fundamento de la orden recurrida.

Limitándonos a estudiar y a decidir la cuestión bajo el único aspecto que fué promovida, bastará citar el artículo 81 del Código de Enjuiciamiento Civil que, en lo pertinente, dice:

"En todos los demás casos el pleito deberá verse en el distrito en que residieren los demandados, *o alguno de ellos,* al iniciarse el litigio;  *  *  *."  (Las itálicas son nuestras.)

Y la jurisprudencia de California, que interpretando un precepto de ley igual se ha pronunciado así:

"El derecho del demandado a que el caso se vea en el condado donde tiene su residencia al tiempo de comenzarse el pleito, está conferido por este artículo (Palmer & Rey v. Barclay, 92 Cal. 199; 28 Pac. 226); y cuando no existe disposición expresa en contrario, el condado donde debe celebrarse el juicio, sujeto ello sin embargo a la facultad de la corte para cambiar el lugar del juicio por razón de conveniencia de los testigos, incapacidad del juez o imposibilidad de obtener un juicio imparcial es el condado en que los demandados, o algunos de ellos, residían al comenzarse la acción. Bonestell v. Curry, 153 Cal. 418; 95 Pac. 887. * * * Si un demandado reside en un condado y un codemandado reside en otro condado distinto, el demandante puede obtener que el caso sea juzgado en uno u otro condado. O'Brien v. O'Brien, 16 Cal. App. 193; 116 Pac. 696; Hellman v. Logan, 148 Cal. 58; 82 Pac. 848. Una acción para obtener indemnización por la pérdida de una propiedad por fuego, causada por la negligencia de los demandados, puede ser establecida en el condado donde resida cualquiera de los demandados. Quint v. Dimond, 135 Cal. 572; 67 Pac. 1034. Una acción para cobrar una participación social y para la rendición de cuentas, debe ser vista en el condado en que residen los demandados, o algunos de ellos, al comenzarse la misma; y es sólo cuando ninguno de los demandados es residente del estado que puede el demandante designar en su demanda el lugar del juicio (Banta v. Wink, 119 Cal. 78; 51 Pac. 17); e incumbe a la parte que promueve la cuestión el probar que ninguno de los demandados reside en el condado donde se ha comenzado la acción. Modoc County v. Madden, 136 Cal. 134; 68 Pac. 491. La prueba a que debe someterse la cuestión es: ¿Reside alguna de las partes necesarias en el condado donde se ha comenzado la acción? En caso afirmativo, el caso puede verse allí. Hellman v. Logan 148 Cal. 58; 82 Pac. 848." *Farrall's Code Civil Proc.'* vol. I, pág. 276.

Debe confirmarse la orden apelada.

*Confirmada la orden negatoria de traslado.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey, Hutchison y Franco Soto.