José SELLA VÉLEZ, demandante y apelante, *v.* LIBRADA PACHECO y FRANCISCO ALVARADO, demandados y apelados.

No. 3902.—*Visto:* Junio 1, 1926. *Resuelto:* Julio 8, 1926.

"VENUE"—DOMICILIO Y RESIDENCIA DE LAS PARTES—PARTES DEMANDADAS—DEMANDADOS QUE RESIDEN EN DISTINTOS DISTRITOS JUDICIALES—TRASLADO AL DISTRITO DE UN CO-DEMANDADO VIVIENDO OTRO EN AQUÉL EN QUE SE COMENZÓ LA ACCIÓN.—Demandadas dos personas que residen en distintos distritos judiciales, si una de ellas reside en el distrito en que se ha comenzado la acción, el caso debe verse en dicho distrito y el otro demandado no tiene derecho al traslado del pleito al distrito de su domicilio.

RESOLUCIÓN de *Angel Acosta Quintero,* J. (Ponce), concediendo el traslado solicitado. *Revocada* y denegado el traslado.

*E. Huertas Zayas y Erasto Arjona,* abogados del apelante; *A. Ortiz Toro,* abogado de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

José Sella Vélez demandó en la Corte de Distrito de Ponce a Librada Pacheco y a Francisco Alvarado reclamando la nulidad de ciertos actos y a consecuencia de ella la indemnización de perjuicios.

La demandada Librada Pacheco, vecina de Ponce, excepcionó la demanda.. El demandado Francisco Alvarado, vecino de Jayuya, distrito judicial de Arecibo, excepcionó

también la demanda y solicitó el traslado del pleito a la corte de distrito de su domicilio. El demandante se opuso. La corte declaró con lugar el traslado. Solicitó el demandante reconsideración y fué negada. Apeló entonces para ante este tribunal.

El apelado sostiene que tratándose, como se trata en efecto, de una acción personal, tiene derecho como demandado a que el pleito se tramite en el distrito de su domicilio. Estaríamos enteramente conformes si el apelado fuera el único demandado, pero existe otro demandado, Librada Pacheco, que reside en Ponce, distrito en que se entabló la demanda. Y para tal caso la Corte Suprema de California ha dicho:

"La prueba a que debe someterse la cuestión es: ¿Reside alguna de las partes necesarias en el condado donde se ha comenzado la acción? En caso afirmativo, el caso debe verse allí." *Hellman* v *Logan,* 148 Cal. 58.

En el caso citado de California y en otros más que aparecen mencionados en el Vol. 1, pág. 276, de Farrall's Code Civil Procedure, se basó la decisión de esta corte en *Nieves* v. *Sucesión Mangual,* 31 D.P.R. 551. El criterio de esta corte quedó fijado claramente sobre el particular.

*Debe revocarse la resolución recurrida,* negarse el traslado solicitado y devolverse el caso para ulteriores procedimientos de conformidad con esta opinion.