Sergio Muñoz y Domingo Quintana, demandantes y apelados, *v.* Eusebio Benítez Carrillo, Santiago Iglesias Silva y Félix Benítez Rexach, demandados y apelante el último.

No. 6725.—*Sometido:* Mayo 8, 1935. *Resuelto:* Junio 10, 1935.

*Rafael Buscaglia,* abogado del apelante; *G. Cruzado Silva,* abogado de Iglesias Silva; *González Fagundo & González, Jr.,* abogados de los apelados.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Félix Benítez Rexach, uno de varios demandados, solicitó el traslado del caso de la Corte de Distrito de Humacao a la Corte de Distrito de San Juan. Benítez Rexach era vecino de San Juan. Los otros demandados residían en el distrito de Humacao. La corte de distrito declaró sin lugar la moción.

La teoría de la moción fué que los demandados que residían en Humacao no eran partes necesarias, que debieron haber comparecido como demandantes en vez de demandados y que se les hizo partes demandadas con el único fin de impedir un posible traslado. Benítex Rexach se basó en la demanda misma como prueba suficiente de los hechos necesarios para sostener esa teoría.

Cuando hay un número de demandados y algunos de ellos, al instituirse el litigio, residen en el distrito en que éste se ha iniciado, de ordinario no se concederá el traslado. Artículo 81 del Código de Enjuiciamiento Civil; *Nieves* v. *Sucesión Mangual,* 31 D.P.R. 551, y *Sella Vélez* v. *Pacheco,* 35 D.P.R. 658. La acumulación fraudulenta de un demandado residente contra quien la parte demandante no tiene causa de acción, meramente con el objeto de impedir que el verdadero demandado no residente obtenga el traslado, no se permitirá que logre ese resultado. Véase *McDonald* v. *California Timber Co.,* 151 Cal. 159 y otros casos citados en Bancroft's *Code Practice,* Vol. II, 1447, sección 1006. En tal caso no existe desde luego ningún verdadero demandado residente.

Los demandantes Muñoz y Quintana alegaron que en abril de 1928 habían suscrito, como fiadores, y Eusebio Benítez Carrillo, como principal, cierto pagaré que se copia íntegramente en la demanda, a favor del Banco de Yabucoa por la suma de $3,000; que todo este dinero fué entregado por el banco al demandado Benítez Carrillo y utilizado por éste en operaciones agrícolas; que el banco instó demanda en cobro del pagaré contra los demandados (*sic*) y Benítez Carrillo y embargó ciertos bienes pertenecientes a Benítez Carrillo, y que entonces los demandados Benítez Rexach e Iglesias Silva suscribieron una fianza para levantar el embargo sobre los referidos bienes, y que éstos fueron entregados a Benítez Carrillo, quien dispuso de los mismos en su propio beneficio; que después que el banco había obtenido sentencia contra Benítez Carrillo, Muñoz y Quintana, los demandados Benítez Rexach e Iglesias Silva pagaron dicha sentencia haciendo constar que habían adquirido la misma e iniciaron una acción bajo el número 15,692 en la Corte de Distrito de Humacao contra Muñoz y Quintana, aquí demandantes en la cual Benítez Rexach obtuvo sentencia contra los aquí demandantes por la suma de $3,000 como principal, más intereses al 12 por ciento, la que fué confirmada en

apelación por el Tribunal Supremo; que Benítez Rexach no pagó solidariamente al banco el importe de la sentencia obtenida por éste contra Muñoz, Quintana y Benítez Carrillo, sino sólo la mitad de la misma, y que la otra mitad fué pagada por Iglesias Silva, quien, en diciembre 20, 1930, por valor recibido, cedió a Sergio Muñoz la mitad de la sentencia, y que Benítez Rexach, demandante en el pleito número 15,692, trata ahora de recobrar el importe total de dicha sentencia, que no es ni ha sido nunca propiedad suya; que Quintana y Muñoz eran fiadores de Benítez Carrillo en el pagaré arriba mencionado y que por consiguiente nada le debían al banco y, habiéndose levantado el embargo sobre los bienes de Benítez Carrillo, que eran suficientes para cubrir la sentencia que pudiera recaer en favor del banco, Benítez Carrillo quedó insolvente; y que Iglesias Silva y Benítez Rexach, como fiadores de Benítez Carrillo en el levantamiento del embargo, estaban en la obligación de pagar a los demandantes el importe de la sentencia originada por el pagaré suscrito a favor del banco y que no obstante tal obligación Benítez Rexach pretende cobrar de los demandantes la cantidad total de dicha sentencia, que no le pertenece.

Se solicitaba sentencia contra los demandados en el sentido de que los demandantes no están obligados a pagar a Benítez Rexach cantidad alguna por virtud de la sentencia dictada en el caso número 15,692, seguido ante la Corte de Distrito de Humacao, y que dicha sentencia es inexistente por no haber sido satisfecho el importe de la sentencia anterior en su totalidad por Benítez Rexach; y que Benítez Rexach e Iglesia Silva como fiadores de Benítez Carrillo, están obligados a pagar el importe de la sentencia dictada en el pleito seguido por el banco contra Benítez Carrillo, Muñoz y Quintana.

Iglesias Silva, al igual que Benítez Rexach, fué responsable del levantamiento del embargo y de la pérdida de los bienes embargados del deudor insolvente Benítez Carrillo

en el pleito seguido por el banco contra el aludido Benítez Carrillo y sus fiadores, aquí demandantes. Fué Iglesias Silva quien pagó la mitad de la sentencia dictada en favor del banco y quien entonces, en unión de Benítez Rexach, instituyó acción contra los aquí demandantes para recobrar el importe total de dicha sentencia. Fué aparentemente Iglesias Silva quien así colocó a Benítez Rexach en posición de obtener sentencia contra los aquí demandantes por el importe total de la sentencia que se alegaba había sido comprada por Benítez Rexach e Iglesias Silva del banco. Fué Iglesias Silva quien, como supuesto adquirente y dueño de la mitad de la sentencia dictada a favor del banco, traspasó la misma en diciembre 20, 1930, a Muñoz, uno de los aquí demandantes. Es el importe total de esa sentencia lo que Benítez Rexach trata de recobrar ahora de los aquí demandantes.

Benítez Rexach pretende exigir a los demandantes el importe de una sentencia obtenida por él en pleito iniciado contra los demandantes, no por él individualmente, sino por él e Iglesias Silva. De los autos no se desprende cómo él, por sí solo, obtuvo sentencia en dicha acción por el importe total reclamado por él e Iglesias Silva. La inferencia es que en el curso del litigio se convirtió en cesionario de Iglesias Silva o que en alguna otra forma adquirió o parecía haber adquirido la participación de Iglesias Silva. Ésta es la misma participación que Iglesias Silva en diciembre 20, 1930, cedió al demandante Muñoz. Los aquí demandantes tratan de evadir el pago de la suma reclamada por Benítez Rexach, fundados en que Iglesias Silva y Rexach, al lograr el levantamiento del embargo en el pleito instituído por el banco en cobro de pagaré y que dió lugar a que los bienes embargados se perdieran, se hicieron responsables hacia los aquí demandantes como fiadores de Benítez Carrillo en el pagaré suscrito en favor del banco por el importe de la sentencia obtenida por éste contra ellos como tales fiadores, que es la suma reclamada ahora por Benítez Rexach. En otras

palabras, la teoría de la demanda es que Iglesias Silva es mancomunada o mancomunada y solidariamente responsable para con los demandantes del importe total que Benítez Rexach trata de cobrar de los demandantes. El resultado en el presente litigio, de ser adverso a los demandados, puede equivaler a la determinación de que Iglesias Silva, como fiador de Benítez Carrillo, estaba y está obligado, en unión de Benítez Rexach, a pagar el importe de la sentencia obtenida por el banco en el pleito seguido por éste contra Benítez Carrillo y los aquí demandantes.

El apelante en su alegato se limita a decir que si los demandados Iglesias Silva y Benítez Carrillo tienen algún interés en el caso, tal interés está unido al de los demandantes y que estos demandados debieron unirse en el litigio como demandantes. Los hechos alegados en la demanda no sientan base satisfactoria para esta conclusión. Si los aquí demandantes, en lugar de Iglesias Silva y Benítez Rexach, hubiesen sido obligados a pagar la sentencia del banco, ellos hubieran tenido una buena causa de acción contra Iglesias Silva y Benítez Carrillo, así como contra Benítez Rexach, para recobrar la cantidad por ellos pagada. Eliminando toda cuestión de *res judicata* y asumiendo que a los demandantes les fuera posible probar las alegaciones de su demanda, no vemos razón alguna por la cual la responsabilidad de los tres demandados entre sí y con los aquí demandantes, no debía determinarse en el presente litigio. No importa cuán deficiente sea la demanda, ésta aduce hechos suficientes para determinar una causa de acción contra Iglesias Silva, de no aducirla tanto contra él y contra Benítez Carrillo.

Cuanto hemos dicho resuelve la cuestión de mala fe o de intención fraudulenta de anticipar e impedir un posible traslado. Sin embargo, podemos agregar de paso que los demandantes, al oponerse a la moción de traslado, llamaron la atención del juez de distrito hacia el hecho de que Iglesias Silva había comparecido en el pleito y se había sometido a

la jurisdicción de la corte de Humacao. El escrito de apelación fué dirigido al letrado del demandado Iglesias Silva, así como a los de los demandantes, y fué notificado al abogado de Iglesias Silva y a los letrados de los demandantes.
*La resolución apelada debe ser confirmada.*