Daniel Arroyo Rodríguez, demandante y apelado, *v.* Rosa María González, etc., y Manuel Fernández Lasclotas y José Fenández San Miguel, demandados y apelantes los dos últimos.

Núm. 9545.—*Sometido:* Enero 13, 1948.  *Resuelto:* Marzo 30, 1948.

V. *Polanco de Jesús,* abogado de los apelantes; *Otero Suro & Otero Suro,* abogados del apelado.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

El 5 de julio de 1930, Brígida Rodríguez de Rozas otorgó una escritura de testamento abierto ante el notario Valentín Polanco de Jesús, suscrito en el Auxilio Mutuo, de Hato Rey, Río Piedras, y en ella figuran como testigos los señores Jesús Suárez García, Adolfo Castrillón Ramos y Guillermo Estarellas Pagán, quienes, según el notario, son "de esta vecindad".

Alegando que la mencionada testadora murió el 19 de julio de 1930 careciendo de descendientes legítimos, legitimados o por legitimar y de hijos adoptivos, dejando por sus parientes más próximos en consanguinidad a su tía carnal doña Adelaida Rodríguez Espina, madre legítima del demandante, éste radicó demanda solicitando la nulidad del testamento porque los testigos antes mencionados no eran idóneos por no ser ninguno de ellos vecino o domiciliado del lugar del otorgamiento. Constestaron los demandados negando los hechos esenciales de la demanda y alegando, además, que el demandante no tiene capacidad legal para demandar; que la demanda es ambigua, ininteligible o dudosa; que existe un defecto de parte demandante; que éste ha sido culpable de *laches;* y que la acción ejercitada está prescrita. Celebrada la vista, la corte inferior dictó sentencia decretando la nulidad del testamento por el fundamento de que los testigos no eran vecinos y domiciliados en el lugar del otorgamiento, imponiendo las costas y $150 para honorarios de abogado. No conforme, los demandados establecieron este recurso señalando cinco errores.

El primer error señalado está subdividido en nueve partes. Discutiremos solamente la primera y última subdivisión de este señalamiento por ser las únicas que ameritan consideración.

(*a*) Que la corte cometió manifiesto error de derecho al declarar sin lugar la moción de desestimación de la demanda

y archivo del caso. Arguyen los demandados que la demanda no aduce hechos para constituir causa de acción por el motivo de que alegándose que la testadora falleció en el 1930, que le sobrevivió su tía carnal Adelaida Rodríguez Espina, madre del demandante, se deduce que ésta era la que tenía que ejercer la acción y no lo hizo durante trece años, renunciando así el derecho que tenía, el cual murió con la persona y no puede ser revivido ni puede ser heredado. En apoyo de esta contención cita abundante jurisprudencia norteamericana.

En la demanda se alega que la señora Rodríguez de Rozas no dejó descendientes ni ascendientes de clase alguna y que sus parientes más próximos en consanguinidad lo eran su tía doña Adelaida Rodríguez Espina, madre del demandante, etc. Siendo ello así la madre del promovente era la única heredera de la testadora. Así lo dispone el Código Civil, edición de 1930, en su artículo 910, al efecto de que ''no habiendo hermanos ni hijos de hermanos, ni cónyuge supérstite, sucederán en la herencia del difunto los demás parientes colaterales.'' Dice, además, nuestro Código Civil, en su artículo 603 que ''los derechos a la sucesión de una persona se trasmiten desde el momento de su muerte.'' Si la madre del demandante murió con posterioridad a doña Brígida Rodríguez de Rozas y con anterioridad a la iniciación de este pleito, cualesquiera derechos que ella pudiera haber tenido pasaron a su hijo cuando ocurrió su muerte. No hay duda de que ciertos derechos personalísimos mueren con la persona y que no se transmiten a sus herederos. Y es cierto que el derecho a impugnar el testamento era uno personal de la causante del demandante. Sin embargo, opinamos que aún siendo un derecho personal, es trasmisible por herencia. A este respecto, en el caso de *Sosa* v. *Sucesión Morales,* 58 D.P.R. 360, 363, 364, dijimos:

''Aunque bajo otros apartados del alegato, sostienen los apelantes que el demandante no tiene causa de acción contra los deman-

dados, porque la acción ejercitada es de carácter personal, y habiendo fallecido el causante del daño, la causa de acción murió con su persona, de acuerdo con la máxima *actio personalis moritur cum persona.* La citada máxima es exclusivamente de la Ley Común, y aunque este tribunal siempre ha tenido la tendencia de reconocer al ciudadano el pleno beneficio de los dos sistemas jurídicos—la Ley Común y el Derecho Civil—hasta llegar a formar uno que integre lo mejor y lo más justo de ambos, como se dijo en el caso de *P. R. Ry., L. & P. Co.* v. *Corte de Distrito,* 38 D.P.R. 340, 345, 346, sin embargo, es preciso sostener que el principio encarnado en la máxima—que dicho sea de paso, está completamente desacreditada en las jurisdicciones donde impera la Ley Común—no ha prevalecido nunca en el Derecho Civil, ni puede prevalecer, por ser incompatible con el principio fundamental que sostiene que el heredero es el continuador de la persona jurídica del finado . . . . Concedemos que hay ciertos derechos personalísimos que mueren con la persona, tales como el usufructo, el uso y la habitación, y la renta vitalicia que estuviera disfrutando el finado, la patria potestad, la tutela, etc., pero estos derechos personalísimos mueren con la persona, no porque sea de aplicación la indicada máxima, sino por la limitación contenida en la naturaleza misma de esos derechos.''

■ (*b*) Sostiene el apelante que la acción ejercitada por el demandante está prescrita.

En este caso se trata de una acción personal. El artículo 1864, del Código Civil determina que las acciones personales a las cuales no se ha señalado término especial para ello, prescriben a los 15 años. El testamento fué otorgado el 5 de julio de 1930 y la acción fué radicada el 31 de mayo de 1944, por cuya razón faltaba más o menos un año para que transcurriera el término de prescripción. Al no haber ejercitado la causante su acción dentro del período prescriptivo, nada hay que impida que la inicie en tiempo, como heredero suyo, el aquí compareciente.

■ En el segundo señalamiento se alega que la corte cometió error al declarar sin lugar la moción de traslado del juicio. El fundamento de esta moción es que el demandado Manuel Fernández Lasclotas era residente y vecino de Ciales y solicitaba que el caso se ventilara en el distrito de su

residencia o sea la Corte de Distrito de Arecibo. La corte inferior correctamente resolvió que, "en este caso hay varios demandados además de los promoventes, quienes son residentes dentro de la jurisdicción de esta corte. Siendo esto así y vista la jurisprudencia establecida por nuestro Hon. Tribunal Supremo en los casos de *Nieves* v. *Sucesión Mangual,* 31 D.P.R. 551; *Sella. Vélez* v. *Pacheco,* 35 D.P.R. 658; y *Muñoz* v. *Benítez Rexach,* 48 D.P.R. 631; procede denegar el traslado y sin lugar la moción."

El tercer señalamiento va dirigido a la prueba.

La prueba ofrecida por el demandante consistente en las declaraciones de Guillermo Estarellas Pagán, Jesús Suárez García, ambos testigos en el testamento, y la de Arturo Castrillón Ramos, hermano de Adolfo Castrillón Ramos, el tercer testigo en el testamento, demostró que ninguno de ellos era vecino ni domiciliado en la ciudad de Río Piedras, para la fecha en que fué otorgado el testamento; que para la fecha del otorgamiento, estaban recluídos en el Auxilio Mutuo, de Hato Rey, Río Piedras, en calidad de pacientes, pero que nunca han sido vecinos ni han estado domiciliados en dicha ciudad. El demandado no ofreció prueba de clase alguna. La evidencia aquí aportada es concluyente de que los testigos que firmaron el documento no eran vecinos de ni estaban domiciliados en el lugar donde se otorgó el testamento. Siendo esto así, es de aplicación lo dispuesto en el Código Civil, artículo 630, el cual, en su parte pertinente, reza así:

"No podrán ser testigos en los testamentos:
1. . . .
"2. Los que no tengan la calidad de vecinos o domiciliados en el lugar del otorgamiento, salvo en los casos exceptuados por la ley."

Y el artículo 636 del mismo Código dice que:

"Será nulo el testamento en cuyo otorgamiento no se hayan observado las formalidades respectivamente establecidas en este capítulo."

Al otorgarse el testamento que nos ocupa no se cumplieron las formalidades exigidas por el artículo 630, supra, ya que los tres testigos no eran vecinos de Hato Rey, Río Piedras, ni estaban domiciliados allí, y ese defecto lo vicia de nulidad. Véase: *Rodríguez* v. *Rodríguez*, 62 D.P.R. 885.

En el último señalamiento se alega que se cometió error al hacer una concesión de honorarios de abogado. Arguyen los apelantes que para que puedan concederse honorarios de abogado tiene que demostrarse la existencia de temeridad en el demandado. A nuestro juicio la hubo y lo demuestra, primero, el hecho de que los demandados que recibieron beneficios bajo el testamento impugnado no han comparecido y solamente comparecieron los aquí apelantes, albaceas testamentarios; y segundo, que éste es un caso claro en que no se cumplió con los requisitos exigidos por ley al otorgar el testamento.

No se cometió error al conceder los honorarios de abogado.

*Procede confirmar la sentencia.*

El Juez Asociado Sr. Marrero se inhibió.